

**ORDERED in the Southern District of Florida on July 12, 2007.**

_____
**A. Jay Cristol, Judge
United States Bankruptcy Court**

_____

**UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF FLORIDA
Miami Division
www.flsb.uscourts.gov**

| | |
|---|---|
| In re: | |
| AS MANAGEMENT SERVICES, INC., | Case No. 05-13025-BKC-AJC |
| Debtor. | Chapter 7 |
| _____/ | |
| MICHAEL MANN, MOSES MOORE, and ALAN L. GOLDBERG, Chapter 7 Trustee of the Bankruptcy Estate of AS Management Services, Inc., | |
| Plaintiffs, | |
| v. | Adv. Proc. No.: 05-1453-BKC-AJC-A |
| KENDALL PROPERTIES & INVESTMENTS, LLC, KENDALL PROPERTIES, INC., GILLIS INVESTMENTS, LTD., BLACKWATER PARTNERS, LTD., and WILLIAM MURPHY | |
| Defendants. | |
| _____/ | |

**MEMORANDUM OPINION AND ORDER GRANTING DEFENDANTS'
MOTION TO ENJOIN A PARALLEL STATE COURT ACTION**

754954-4

**THIS MATTER** came before the Court at 10:00 a.m. on June 13, 2007 upon Defendants' Motion to Enjoin a Parallel State Court Action [C.P. #96] ("Motion to Enjoin") and Plaintiffs' Opposition to Defendants' Motion to Enjoin a Parallel State Court Action [C.P. #99][1]. The Court having reviewed the file and the parties' submissions and heard argument of counsel, and being otherwise fully advised in the premises, for the reasons set forth in detail below, orders that the Motion to Enjoin should be and hereby is **GRANTED.**

## I.   BACKGROUND

In 1998, a company entitled L.P. Acquisitions Corp., d/b/a AgroSoils ("AgroSoils"), entered into a lease with Defendant Kendall Properties & Investments ("KPI"). It is alleged in the serial complaints filed in this adversary proceeding – and in the state court counterclaim that preceded it and the new state court complaint that followed it – that KPI committed various wrongs in connection with becoming AgroSoils' landlord and that AgroSoils, therefore, has causes of action against KPI arising therefrom.

AgroSoils filed an assignment for the benefit of creditors in September 2003 and the assignee was Lewis Freeman. The Plaintiffs further alleged that the assignee for the benefit of creditors assigned the AgroSoils' lease of KPI's premises and AgroSoils' causes of action against KPI to a company entitled AS Management Services, Inc.

In 2005, AS Management, the tenant in KPI's building, failed to pay its rent.

---

[1] Although a request for equitable relief is governed by Fed. R. Bankr. P. 7001(7), the procedural safeguards afforded by the Rule are in place in this adversary proceeding, and the parties, by their conduct (ie. filing pleadings and responses with the Court and appearing at hearings on all matters), have waived any perceived deficiency in process. *See, e.g., Irby v. Mr. Money Fin. Co. (In re Irby),* 321 B.R. 468, 470 (Bankr. N.D. Ohio 2005) (ruling that since the distinction between adversary proceedings and contested matters are "simply a procedural safeguard, as opposed to a substantive right afforded by the Bankruptcy Code, a party may waive their right to contest a deficiency in the process.") (citations omitted)); *In re Briggs,* 143 B.R. 438 (Bankr. E.D. Mich. 1992) ("[W]hen the parties try an issue without objection on procedural grounds, courts generally disregard the irregularity."). Accordingly, the request for injunctive relief will proceed herein.

Accordingly, KPI brought an eviction lawsuit in the Miami-Dade Circuit Court on March 18, 2005.

When AS Management filed Chapter 11 on April 14, 2005, the causes of action stated in the state court counterclaim became property of the estate pursuant 11 U.S.C. § 541(a). On May 5, 2005, after AS Management, the debtor-in-possession, consented, the Court granted KPI relief from the automatic stay to continue to prosecute the state court action. Thereafter Alan L. Goldberg was appointed the Chapter 11 trustee.

On June 8, 2005, AS Management filed an Answer, Affirmative Defenses and Counterclaim in the state court action. AS Management's counterclaim asserted claims against KPI for fraud and breach of the implied covenant of good faith and fair dealing arising from the nonresidential lease between KPI and AgroSoils.

On June 10, 2005, KPI filed a Motion to Strike AS Management's Answer, Affirmative Defenses and Counterclaim in the state court action. On June 22, 2005, the state court entered an Agreed Order Granting Motion to Strike AS Management Services, Inc.'s Answer, Affirmative Defenses and Counterclaim.

On June 21, 2005, this Court converted the bankruptcy case to one under Chapter 7 and Alan L. Goldberg was appointed the Chapter 7 trustee. On July 15, 2005, the trustee removed the state court case to this Court. The notice of removal filed by the trustee stated that the state court action "is a core proceeding", "involves property of the bankruptcy estate", and "involves a counterclaim by the Debtor against an entity asserting claims against the estate". The notice of removal also stated that "the outcome of the state court action has a significant [e]ffect on the outcome of the Chapter 7 distribution" and that "pursuit of litigation of this matter in state court would be time consuming and it would unnecessarily delay the final distribution and closure of

the instant bankruptcy proceeding." The removed case was assigned adversary proceeding number 05-1212-BKC-AJC-A.

On September 6, 2005, the removed state court case (adversary proceeding number 05-1212-BKC-AJC-A) was voluntarily dismissed without prejudice.

However, on October 7, 2005, the trustee filed a complaint against KPI, commencing this adversary proceeding which involves the same subject matter and some of the same claims that AS Management previously asserted against KPI as the counterclaim in the state court action. The complaint contained claims for fraud, breach of contract and breach of the implied covenant of good faith and fair dealing in connection with the lease between KPI, the landlord, and AgroSoils, the tenant (Adversary Complaint #1). The state court counterclaim and the trustee's initial complaint in this lawsuit appear to be nearly, if not entirely, identical.

On February 28, 2006, the trustee sold all of his right, title and interest in the claims against KPI as alleged in the trustee's own adversary proceeding to Michael Mann and Moses Moore as part of the Court's Order Authorizing the Sale of Certain Litigation Rights to Michael Mann and Moses Moore Free and Clear of Liens, Claims and Encumbrances. Michael Mann and Moses Moore are former principals of the Debtor, AS Management, and were investors in AgroSoils.

On March 27, 2006, the Defendant, KPI (the only defendant in the case at that time) filed a motion to dismiss the first amended complaint for a variety of reasons, including that the fraud claim is barred by the 4-year statute of limitations, Fla. Stat. § 95.11(3)(j); the Complaint concedes that AgroSoils assumed all zoning risks; AgroSoils' fraud claim is barred by the economic loss doctrine and the lease's integration clause; all breach of contract (lease) claims are

barred by the 5-year statute of limitations of Fla. Stat. § 95.11(2)(b); and the allegations of fraud fail to satisfy the enhanced pleading requirements.

On May 16, 2006, Plaintiff, Alan L. Goldberg, Chapter 7 Trustee, filed an amended complaint (Adversary Complaint #2). The amended complaint added Kendall Properties, Inc., Gillis Investments, Ltd., Blackwater Partners, Ltd. and William Murphy as Defendants and asserted claims for fraud in the inducement (Count I), breach of contract (Count II), breach of the implied covenant of good faith and fair dealing (Count III), and tortious interference with prospective economic advantage (Count IV). The Defendants were not required to respond to the amended complaint because the Plaintiff moved *ore tenus* to file a second amended complaint, which motion was granted by the Court on June 7, 2006.

On July 24, 2006, after the only defendant at that time, KPI, had filed its second motion to dismiss the complaint, the complaint was amended yet again. The second amended complaint (Adversary Complaint #3) alleges claims on behalf of Michael Mann, Moses Moore and Alan L. Goldberg, Chapter 7 Trustee against KPI, Kendall Properties, Inc., Gillis Investments, Ltd., Blackwater Partners, Ltd., and William Murphy for fraud in the inducement (Count I), breach of contract (Count II), breach of the implied covenant of good faith and fair dealing (Count III), and tortious interference with prospective economic advantage (Count IV).

More specifically, Adversary Complaint #3 alleges that KPI and its principals allegedly made fraudulent misrepresentations and/or omissions to AgroSoils, when, beginning in December of 1998, KPI leased certain property to AgroSoils in southern Miami-Dade County. Specifically, the Plaintiffs allege that KPI and its principals knew that the property was zoned only for a cement plant, and that they lied to AgroSoils when they purportedly represented that AgroSoils could operate the property as a business for mixing and selling organic soil and

fertilizer.

On August 16, 2006, this Court held a protracted hearing on the motion to dismiss Adversary Complaint #3, and the Court has expended much time and thought in considering that motion.

On July 18, 2006, Mann and Moore filed a motion to withdraw the reference of the adversary proceeding so that they could pursue their claims against KPI and its principals in the federal district court. Mann and Moore asserted that they had a right to a jury trial on their claims.  By this point, (1) AS Management had sought the protection and invoked the jurisdiction of the federal courts by filing a petition for relief under Title 11 of the United States Code; (2) Plaintiffs had filed an adversary complaint and two amended complaints in this Court; and (3) the first state court action had been removed to federal court by the trustee, thereby again invoking federal jurisdiction.

On September 11, 2006, United States District Judge Jordan entered an Order Denying Motion to Withdraw Reference.  In that Order the U.S. District Court held:

> Under *Simmons* [200 F.3d 738 (11th Cir. 2000)], permissive withdrawal is not warranted here.  The plaintiffs' claims are essentially the claims of the debtor, AS Management, and 10% of any recovery will be paid to the estate.  The plaintiffs, who by their purchase stand in the shoes of the trustee (and therefore the debtor), do not have a right to a jury trial, as they have submitted their claims to the equitable jurisdiction of the bankruptcy court. *See, e.g., In re Haile Co.,* 132 B.R. 979, 980 (Bankr. S.D. Ga. 1991).  Moreover, the adversary complaint relates to the claims filed by KPI in the bankruptcy proceeding, so the plaintiffs' action invokes the claims allowance/disallowance process. . . .Finally, under the scenario presented, the better use of judicial resources in this case is for the bankruptcy court to adjudicate KPI's claims in the bankruptcy proceeding together with the plaintiffs' adversary complaint.

(Citations omitted.)

754954-4                                        - 6 -

On September 21, 2006, the Plaintiffs moved for reconsideration. On September 26, 2006, the Defendants responded to the motion for reconsideration. On October 30, 2006, Judge Jordan denied that motion as well.

On February 8, 2007, Mann, Moore and the trustee filed a new state court action in the Circuit Court of the 11th Judicial Circuit in and for Miami-Dade County, Florida, Case No. 07-03778 CA-40, against KPI, Kendall Properties, Inc., Gillis Investments, Ltd., Blackwater Partners, Ltd., and William Murphy, commencing the case with a complaint similar to the second amended complaint (Adversary Complaint #3) pending in this Court.

On or about April 11, 2007, Plaintiffs amended their new state court complaint. Notwithstanding the amendments, the complaint pending in state court is similar to Adversary Complaint #3. Both cases involve substantially the same claims, the same allegations, the same subject matter, the same issues, the same operative facts and substantially the same parties.

On April 13, 2007, Mann and Moore filed in this Court a pleading entitled "Michael Mann and Moses Moore's Notice of Voluntary Dismissal Without Prejudice of Their Claims" (C.P. #95). In one paragraph, Mann and Moore stated that they wished to dismiss only Count I. In the next paragraph they said that they wanted no part of the lawsuit at all and thereby voluntarily dismissed themselves from the lawsuit, but suggested that the pleading otherwise left the lawsuit undisturbed.

Defendants have moved, pursuant to 11 U.S.C. § 105(a), and 28 U.S.C. §§ 1446(d), 1651 and 2283 for an injunction prohibiting the Plaintiffs and their attorneys from proceeding with the state court action until final disposition of this adversary proceeding. Mann and Moore filed an opposition to the Motion to Enjoin.

**II.     DISCUSSION**

The remedy sought by Defendants in the Motion to Enjoin is an injunction that would prohibit the Plaintiffs from further prosecuting the state court action. Mann and Moore raise the Anti-Injunction Act as a defense to the remedy.

The Anti-Injunction Act is part of a scheme, formed by statutory and decisional law, that serves to prevent the frictions that would result from turf wars between federal and state courts over control of a particular case. *Atlantic Coast Line R.R. Co. v. Brotherhood of Locomotive Eng'rs*, 398 U.S. 281, 286 (1970).

The Anti-Injunction Act, codified at 28 U.S.C. § 2283, generally prohibits federal courts from enjoining state court proceedings except in three situations. Section 2283 provides:

> A court of the United States may not grant an injunction to stay proceedings in a State court *except* as expressly authorized by Act of Congress, or where necessary in aid of its jurisdiction, or to protect or effectuate its judgments.

28 U.S.C. § 2283 (emphasis added).

The Anti-Injunction Act was enacted originally in 1793. The very first exception adopted was an exception for bankruptcy. *See Toucey v. New York Life Ins. Co.*, 314 U.S. 118, 132-33 (1941). The bankruptcy exception satisfies the Anti-Injunction Act because Section 105(a) of the Bankruptcy Code "is an 'expressly authorized' exception to the Anti-Injunction Act". *Baptist Medical Center of N.Y. v. Singh (In re Baptist Medical Center of N.Y.)*, 80 B.R. 637, 641 (Bankr. E.D.N.Y. 1987); *Kranzdorf v. Alter (In re Fidelity America Fin'l Corp.),* 53 B.R. 930, 932-33 (Bankr. E.D. Pa. 1985); *Davis v. Sheldon (In re Davis)*, 691 F.2d 176, 177-78 (3rd Cir. 1982).

Section 105(a) provides:

> The court may issue any order, process, or judgment that is necessary or appropriate to carry out the provisions of this title. No provision of this title providing for the raising of an issue by a party in interest shall be construed to preclude the court from, sua sponte, taking any action or making any

> determination necessary or appropriate to enforce or implement court orders or rules, or to prevent an abuse of process.

11 U.S.C. § 105(a). Under section 105(a), a bankruptcy court has the power to stay proceedings in other courts, including state courts. *See, e.g., In re L & S Industries, Inc.,* 989 F.2d 929, 932 (7th Cir. 1993) (under section 105(a), "[a] bankruptcy court can enjoin proceedings in other courts when it is satisfied that such proceedings would defeat or impair its jurisdiction over the case before it"); *Garrity v. Leffler (In re Neuman),* 71 B.R. 567, 571 (S.D.N.Y. 1987) (section 105(a) "authorizes the Bankruptcy Court to stay proceedings in state court …", it is an "expressly authorized" exception to the Anti Injunction Act, 28 U.S.C. § 2283); *LTV Steel Co. v. Board of Education (In re Chateaugay Corp.),* 93 B.R. 26, 29 (S.D.N.Y. 1988) ("A bankruptcy court may enjoin proceedings in other courts when it is satisfied that the proceedings would defeat or impair its jurisdiction with respect to a case before it"); *C&J Clark America, Inc. v. Carol Ruth, Inc.,* (*In re Wingspread Corp.*), 92 B.R. 87, 92 (Bankr. S.D.N.Y. 1988) (same); *Tippins v. American General Finance, Inc. (In re Tippins),* 221 B.R. 11, 27 (Bankr. N.D. Ala. 1998) ("It has been long recognized, however, that bankruptcy courts have the equitable power to enjoin state court proceedings to protect and enforce [their] decrees.").

"As Collier observes, '[t]he basic purpose of the section [§ 105] is to enable the [bankruptcy] court to do whatever is necessary to aid its jurisdiction, i.e., anything arising in or relating to a bankruptcy case.'" *Baptist Medical Center of N.Y.*, 80 B.R. at 641, quoting 2 Collier on Bankruptcy, ¶105.02 at 102.03 (15th ed. 1987). Accordingly, the bankruptcy court's ability to enjoin actions that "threaten the integrity of a bankrupt's estate" is well-recognized throughout the nation. *See Stonington Partners, Inc. v. Lernout & Hauspie Speech Products, N.V.*, 310 F.3d 118, 127 (3d Cir. 2002) (federal "courts may enter an anti-suit injunction. . .when needed 'to

protect jurisdiction or an important public policy'").

Here, the adversary proceeding and the new state court action are virtually identical. Both cases involve substantially the same claims, the same allegations, the same subject matter, the same issues, the same operative facts and *almost all* the same parties. However, the granting of an injunction will necessarily depend on the identity of the parties. From the "Notice of Voluntary Dismissal Without Prejudice of Their Claims" (C.P. #95) filed in this case, it appears Mann and Moore were attempting to dismiss from the amended complaint their individual claims, personal to each, apparently so that they might pursue those actions in state court, where jurisdiction would appropriately lie. However, it is not quite that clear from the document. Notwithstanding, from a review of the latest state court complaint, Mann and Moore did not set themselves or their claims apart from the claims they purchased from the trustee. In each of the complaints filed by the trustee and by Mann and Moore, this underlying factual content, and identical forms of relief allegedly arising therefrom, are the predicate for the lawsuit. The complaints in state court parrot virtually every word of these factual allegations and resulting claims, *with the exception of Court V of the amended state court complaint.*

Although Mann and Moore argue in their opposition to the instant motion that the state court suit involves different parties and different claims, the papers themselves belie that assertion. The state court lawsuit bears the name of Alan Goldberg, Trustee of the Estate of AS Management, as Plaintiff. More importantly, in the pending complaint in state court, Mann and Moore expressly state that they bring each count thereof, "*as assignees of the Debtor*". And, the *ad damnum* clause for each count of the pending state court complaint says the same, except Count V – Imposition of an Equitable Lien. (Although the original state court complaint appeared to state a cause of action for fraud in the inducement which was personal to both Mann

and Moore, the Amended Complaint omitted that cause of action, and only states a claim for fraud in the inducement by Mann and Moore "as assignees of the Debtor".) No individual cause of action is asserted in the Amended Complaint, other than whatever cause of action may be stated under Count V of the Amended Complaint. Count V asserts it is brought by Mann and Moore "individually" and requests an equitable lien on KPI's real estate. Because Count V is an action personal to Mann and Moore, there is no mutuality of parties and the issues in the adversary proceeding and the state court proceeding. Accordingly, such personal claims should not be subject to an injunction.

The other counts of the amended state court complaint, however, are the same as those filed in this Court and should therefore be enjoined under the exceptions to the Anti-Injunction Act, as an injunction is necessary in aid of this Court's jurisdiction. 28 U.S.C. § 2283. Courts have interpreted the "necessary in aid of jurisdiction" exception to the Anti-Injunction Act liberally "to prevent a state court from . . . interfering with a federal court's flexibility and authority" to decide the case before it. *Atlantic Coast Line*, 398 U.S. at 295. Mann and Moore are not free to pursue claims in state court that are identical to those that are the subject of the second amended complaint pending in this Court. Pursuit of these very same claims in state court will seriously impair this Court's flexibility and authority to resolve the issues before it, and any state court judgment or even the active prosecution of such an action, would directly interfere with this Court's ability to dispose of the case before it. *Battle v. Liberty Nat. Life Ins. Co.*, 660 F. Supp. 1449, 1456 (N.D. Ala. 1987), *aff'd,* 877 F.2d 877 (11th Cir. 1989).

Based upon the foregoing, it is

**ORDERED AND ADJUDGED** that the Defendants' Motion to Enjoin a Parallel State Court Action [C.P. #96] is GRANTED IN PART. Michael Mann and Moses Moore, their

attorneys, agents, and representatives are enjoined from prosecuting or taking any action in or with respect to Counts I through IV of the Amended Complaint filed in the case captioned *Michael Mann, Moses Moore and Alan L. Goldberg, Chapter 7 Trustee of the Bankruptcy Estate of AS Management Services, Inc., v. Kendall Properties & Investments, a Florida General Partnership, Kendall Properties, Inc., Gillis Investments, Ltd., Blackwater Partners, Ltd., and William Murphy*, Case No. 07-03778-CA-40, pending in the 11th Judicial Circuit in and for Miami-Dade County, Florida, which state a claim by Mann and Moore "as assignees of the Debtor", until the final disposition of the instant adversary proceeding, including appeals. The motion to enjoin is DENIED IN PART with respect to Count V of the Amended Complaint, **to the extent the action is brought by Mann and Moore individually and attempts to state a claim personal to Mann and Moore**, and the proceeding with respect to Count V may proceed at the discretion of the state court judge.

###

Copies furnished to:
Arthur J. Spector, Esq.
Berger Singerman, P.A.
350 E. Las Olas Boulevard
Suite 1000
Fort Lauderdale, FL 33301
Tel.  (954) 525-9900
Fax  (954) 523-2872
E-mail:  aspector@bergersingerman.com


Copy furnished to:
Arthur J. Spector, Esq.
*(Arthur J. Spector, Esq. is directed to mail a conformed copy of this Order to all interested parties immediately upon receipt of this Order and shall file a certificate of service with the Clerk of the Court.)*